UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELMER JACKSON,

                Petitioner/Defendant,

-vs-                        Case No.    5:05-cv-121-Oc-10GRJ
                                             5:02-cr-23-Oc-10GRJ

UNITED STATES OF AMERICA,

                Respondent/Plaintiff.

_____/

## **O R D E R**

This case is before the Court for consideration of the United States' Motion to Dismiss Defendant's *Pro Se* Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 5).  Upon due consideration, and for the reasons set forth in the United States' motion, the Court concludes that the Defendant's motion to vacate is due to be dismissed because it is untimely.

PROCEDURAL BACKGROUND

On April 18, 2002, the Defendant was indicted for conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, and four counts of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Doc. 1).  On August 19, 2002, a superseding indictment was filed charging the Defendant with conspiracy to distribute fifty grams or more of cocaine base and four counts of distribution of cocaine base (Doc. 49).  On September 12, 2002, after a four-day jury trial, the Defendant was found guilty on all

counts (Doc. 72).   The Defendant was sentenced on December 19, 2002 to life imprisonment on Count One and thirty years imprisonment on each of the remaining counts (Doc. 86).  On January 10, 2003, the Defendant filed his notice of appeal (Doc. 89).  The Eleventh Circuit Court of Appeals issued its opinion affirming the Defendant's conviction and sentence on November 20, 2003, which was followed by the Circuit's issuance of its mandate on December 19, 2003 (Doc. 108).

The Defendant's present motion under § 2255 was received and filed by the Clerk on February 28, 2005, but it was signed and dated by the Defendant on February 19, 2005. Giving the Defendant the benefit of a presumption that he delivered the motion to prison authorities for mailing on that same date – February 19, 2005 – it will be treated as having been filed in this Court on that same date.[1]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides that a habeas petition may not be filed more than one year from "the date on which the judgment of conviction becomes final."[2]  In this case, the Defendant's conviction became final ninety days after the Circuit issued its opinion affirming the Defendant's sentence and conviction, or February

---

[1]      Rule 3(d), Rules Governing § 2255 Proceedings; see also Houston v. Lack, 487 U.S. 266 (1988).

[2]      28 U.S.C. § 2255(1); Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir. 2002).

18, 2004.[3]  Therefore, the Defendant had one year, or until February 18, 2005, to file a motion to vacate pursuant to § 2255.  The Defendant's motion was filed on February 19, 2005, or one day late.  Since the Defendant's motion was one day late, it is due to be dismissed as untimely.  The Court recognizes that this is a harsh result in a case involving a life sentence, but that is almost always the result whenever any court is compelled to dismiss a claim rendered stale by a statute of limitations.

## CONCLUSION

Accordingly, the Defendant's motion or petition under § 2255 is DISMISSED with prejudice, and the Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 30th day of June, 2005.

_A. Wendell Hodges_

**UNITED STATES DISTRICT JUDGE**

Copies to:   Counsel of Record
             Elmer Jackson
             Maurya McSheehy

---

[3]      Pursuant to Supreme Court Rule 13, "a petition for writ of certiorari . . . is timely when filed with the Clerk of this Court within 90 days after entry of the judgment."  The Rule specifies that "[t]he time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, *and not from the issuance date of the mandate.*" (emphasis added).  Accordingly, the Defendant had ninety days from November 20, 2003, the date the Circuit issued its opinion affirming the Defendant's conviction and sentence, to file a petition for writ of certiorari.  The Defendant's sentence did not become final until the ninety days in which he had to file a petition for writ of certiorari with the United States Supreme Court expired.  See Kaufmann, 282 F.3d at 1339 (holding that "the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires.")